PHILLIP A. TALBERT
United States Attorney
CHRISTINA McCALL
ADRIAN KINSELLA
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>    v.<br><br>CEDAR SKY MONTGOMERY,<br><br>        Defendant | CASE NO.  2:24-CR-0041 DAD<br><br>AMENDED ORDER RE: COMPETENCY EVALUATION |

On August 6, 2024, counsel for Cedar Sky Montgomery moved the Court for an order declaring defendant incompetent to proceed to trial, on the basis of a report prepared by a psychologist hired by defense counsel.  ECF No. 20.  The government filed a response, requesting that the Court order a full competency evaluation in the custody of the Attorney General, pursuant to 18 U.S.C. §§ 4246(b) and 4247(b).  ECF No. 21/25.

Based on defendant's motion and the report filed in support of that Motion, the Court finds that there is reasonable cause to believe that Mr. Montgomery may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense.  The Court has determined that a full competency evaluation conducted by the Federal Bureau of Prisons is appropriate under the circumstances presented in this case.

Following a hearing on August 27, 2024, IT IS HEREBY ORDERED that:

1.  The defendant is hereby committed to the custody of the Attorney General for placement in a

ORDER FOR COMPETENCY EXAM.

suitable facility to conduct a psychological or psychiatric examination of the defendant to determine whether there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

2. The examination of defendant will be conducted by (a) licensed or certified psychiatrist(s) or psychologist(s) employed by, or contracted with, the Federal Bureau of Prisons.  The examiner's report shall be filed with the Court, with copies provided to counsel for the defendant and to the attorneys for the government.  The examiner's report shall include the categories of information required under 18 U.S.C. § 4247(c).

3. Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the Eastern District of California.  18 U.S.C. § 4247(b).  The Court strongly recommends that the examination take place in a suitable facility as near as possible to the Sacramento federal courthouse, to minimize time spent transporting the defendant to and from the examination site.

4. Pursuant to 18 U.S.C. § 4247(b), the defendant shall be committed to the custody of the Attorney General for a reasonable period, not to exceed thirty days, to examine the defendant for competency.

5. Based on the need to determine the mental competency of the defendant, it is hereby ordered that time shall be excluded until the next status conference hearing date, October 8, 2024 (unless defendant's motion is ruled upon prior to that date based upon the receipt and review of the examiner's report), pursuant to 18 U.S.C. § 3161(h)(1)(D), Local Code E.[1]  In addition,  the court will exclude time pursuant to 18 U.S.C. § 3161(h)(1)(A), Local Code A[2], for delay

---

[1]  At the hearing, the court did not refer to the exclusion of time pursuant to 18 U.S.C. § 3161(h)(1)(F), Local Code G.  Nonetheless, the court agrees with defense counsel's view that exclusion on this basis in connection with defendant's pending motion, which seeks an order declaring defendant incompetent to proceed to trial, is also appropriate.

[2]  At the hearing the court erroneously referred to this exclusion of time as being based on 18 U.S.C. § 3161(h)(4), Local Code N.  That error is corrected by this written order which provides the court's basis for the time exclusions found to apply in this case.

resulting from any proceeding, including any examinations, to determine the mental competency of the defendant.  However, as to this latter basis for the exclusion of time, the court declines to state an end date now since the referral for a psychological or psychiatric examination is just being made today and that end date will be determined by facts not yet known to the court.

IT IS SO ORDERED.

Dated:   **August 27, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE